IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICK BLACKSHIRE,

    Plaintiff,                                  No. 2:12-cv-1803 JAM GGH PS

    vs.

SACRAMENTO REGIONAL TRANSIT,        ORDER

    Defendant.

_____/

        Plaintiff is proceeding in this case pro se.  This proceeding was referred to this court by Local Rule 302(21), pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff previously submitted an incomplete application to proceed without prepayment of fees, and was ordered to complete the application.  See 28 U.S.C. §§ 1914(a), 1915(a).  Plaintiff has now submitted a completed application making the showing required by 28 U.S.C. § 1915(a)(1).  Accordingly, the request to proceed in forma pauperis will be granted.

        The determination that plaintiff may proceed in forma pauperis does not complete the required inquiry.  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

The complaint names Sacramento Regional Transit as the only defendant, but alleges that a Wackenhut security officer named Torres harassed and assaulted plaintiff with pepper spray while he was on a Sacramento Regional Transit train on August 23, 2009. An

unnamed Regional Transit driver then allegedly lied to cover up this incident.  The complaint asserts that there is federal jurisdiction because the action was committed on a Sacramento Regional Transit train.  Plaintiff then alleges that "[t]he action was thrown out of court[1]" because there was no video evidence.  Plaintiff seeks damages for violation of his constitutional rights because he was apparently placed in jail and stripped as a result of this incident.

The court is unable to determine a jurisdictional basis for this action.  A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress.  See Kokkonen v. Guardian Life Ins. Co, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994).  U.S. Const. Art. III, § 1 provides that the judicial power of the United States is vested in the Supreme Court, "and in such inferior Courts as the Congress may from time to time ordain and establish."  Congress therefore confers jurisdiction  upon federal district courts, as limited by U.S. Const. Art. III, § 2.  See Ankenbrandt v. Richards, 504 U.S. 689, 697-99, 112 S. Ct. 2206, 2212 (1992).  Lack of subject matter jurisdiction may be raised at any time by either party or by the court.  See Attorneys Trust v. Videotape Computer Products, Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).

The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively.  Statutes which regulate specific subject matter may also confer federal jurisdiction.  See generally, W.W. Schwarzer, A.W. Tashima & J. Wagstaffe, Federal Civil Procedure Before Trial § 2:5.  Unless a complaint presents a plausible assertion of a substantial federal right, a federal court does not have jurisdiction.  See Bell v. Hood, 327 U.S. 678, 682, 66 S. Ct. 773, 776 (1945).  A federal claim which is so insubstantial as to be patently without merit cannot serve as the basis for federal jurisdiction.  See Hagans v. Lavine, 415 U.S. 528, 537-38, 94 S. Ct. 1372, 1379-80 (1974).

\\\\\

---

[1] Plaintiff is presumably referring to a prior case he brought in Sacramento County Superior Court, Blackshire v. Sacramento Regional Transit, number 34-2010-00074889.

3

        For diversity jurisdiction pursuant to 28 U.S.C. § 1332, each plaintiff must be diverse from each defendant, and the amount in controversy must exceed $75,000. For federal question jurisdiction pursuant to 28 U.S.C. § 1331, the complaint must either (1) arise under a federal law or the United States Constitution, (2) allege a "case or controversy" within the meaning of Article III, section 2, or (3) be authorized by a jurisdiction statute. Baker v. Carr, 369 U.S. 186, 198, 82 S. Ct. 691, 699-700, 7 L. Ed. 2d 663 (1962).

        The complaint claims only that there is federal jurisdiction because the assault against plaintiff took place on a "Sacramento Regional Transit Train and property under federal jurisdiction on tungsten steel railroad tracks." Bare conclusory allegations of this sort are not sufficient to establish jurisdiction. If plaintiff intends to establish federal question jurisdiction, he must properly set forth a claim under a specific federal statute or a specific amendment to the United States Constitution.

        Plaintiff does not reference the Civil Rights Act (42 U.S.C. § 1983), and does not allege that Sacramento Regional Transit is a state actor. The undersigned makes no finding of whether this entity would be considered a state actor. If plaintiff seeks to amend his complaint, he is informed that § 1983 requires state action. To succeed on a § 1983 damages claim, a plaintiff must demonstrate not only the deprivation of a right secured by the Constitution or laws of the United States, but that defendant acted under color of state law. West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250 (1988). A § 1983 claim can lie against a private party only when "he is a willful participant in joint action with the State or its agents." Dennis v. Sparks, 449 U.S. 24, 27, 101 S. Ct. 183 (1980).

        The Supreme Court has reiterated that "action taken by private entities with the mere approval or acquiescence of the State is not state action." American Manufacturer's Mutual Ins. Co. v. Sullivan, 526 U.S. 40, 119 S. Ct. 977, 986 (1999). In Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 98 S.Ct. 1729 (1978), the United States Supreme Court held that a lienholder's private sale of goods, even though held pursuant to state law, did not constitute state action. In Sullivan,

the Supreme Court reiterated that state action is not present unless action involves both state law and significant state involvement.

For plaintiff to proceed with a claim under 42 U.S.C. § 1983 against Sacramento Regional Transit, plaintiff would have to establish state action on the part of this defendant. The Ninth Circuit has identified four tests to identify state action by an otherwise private party: "(1) public function; (2) joint action; (3) governmental compulsion or coercion; and (4) governmental nexus." Kirtley v. Rainey, 326 F.3d 1088, 1092 (9th Cir. 2003). Plaintiff has alleged none of these factual predicates vis-a-vis state action, and the complaint does not reasonably establish any. Rather, the complaint alleges only that the actions complained of took place on a Sacramento Regional Transit train which is "under federal jurisdiction on tungsten steel railroad tracks."

Finally, assuming for the moment that plaintiff will be able to allege federal subject matter jurisdiction, he must also allege how Sacramento Regional Transit is liable for any alleged action by its unnamed employee. If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir.1997), *overruled in part on other grounds*, Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight (28) days from the date of service of this Order. Failure to file an amended complaint will result in a recommendation that this action be dismissed.

3. Upon filing an amended complaint or expiration of the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants.

DATED: December 11, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:076/Blackshire1803.fr.wpd