UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK BLACKSHIRE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SACRAMENTO REGIONAL TRANSIT,<br><br>　　　　Defendant. | No.  2:12-cv-1803 JAM GGH PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

     This action, filed July 9, 2012, was dismissed and judgment entered on April 15, 2013. Plaintiff then filed an appeal which was dismissed on July 15, 2013.  Now, two years later, plaintiff has filed a motion to reopen his case, which the court construes as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).

     Plaintiff claims that he was incarcerated since June 20, 2013, and unable to file anything in regard to his cases.[1]  Rule 60(b) permits relief from judgment on a number of grounds, including, as pertinent to the present claim, "mistake, inadvertence or excusable neglect."  Fed. R. Civ. P. 60(b)(1).  Such a motion must be filed within one year after entry of judgment.  Fed. R. Civ. P. 60(c)(1).  Because plaintiff's request was filed well over two years after entry of judgment, it is untimely.  Although Rule 60(b)(6) permits relief from judgment for "any other reason that justifies relief," and permits a motion to be filed within a "reasonable time," petitioner has not demonstrated such a reason.  In this regard, petitioner has failed to demonstrate

---

[1] Plaintiff filed the same request to reopen his case in three other cases filed by him in 2012: 2:12-cv-2136, 2:12-cv-2137, and 12-cv-2568.

1

why he did not prosecute his case prior to his June 20, 2013 incarceration, as judgment was entered approximately two months prior to his imprisonment.  Nor can plaintiff claim equitable tolling under any version of Rule 60(b) for this reason.  Without deciding whether equitable tolling applies to Rule 60(c)(1), see generally, Irwin v. Dept. of Veterans Affairs, 498 U.S. 89, 96, (1990), it does not apply in this case as plaintiff has not shown that he exercised due diligence.  Moreover, plaintiff does not request equitable tolling, and other than his incarceration, which would not apply to the time period of this action, he has provided no other reasons why the time for filing the instant motion should be tolled.[2]

Accordingly, IT IS RECOMMENDED that:  Plaintiff's May 26, 2015 motion to reopen his case (ECF No. 17) is denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven (7) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 4, 2015

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

---

[2] Rule 60 does not permit this court to review a ruling of the Court of Appeals dismissing his appeal.

2